IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01109–CMA–KMT

CHRISTOPHER MICHAEL WHEELER,

    Plaintiff,

v.

LT. MCKINNY,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves a claim of "unprofessional, inappropriate conduct, or misconduct" by Defendant. (Compl. at 7.) This matter is before the court on "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6)" (Doc. No. 30, filed September 28, 2009). Jurisdiction is asserted under 28 U.S.C. § 1331 (2009) and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

### STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Prisoner Complaint and the Motion to Dismiss. Plaintiff, a member of the Latin Kings gang, alleges that Defendant McKinney[1], a lieutenant at the United States Penitentiary in Florence, Colorado, placed a rival gang member,

---

[1] Plaintiff misspells Defendant McKinney's name as "McKinny." The court will refer to this defendant with the correct spelling of "McKinney."

Inmate Sexton, a member of the Aryan Circle, in Plaintiff's cell on June 22, 2008. (Compl. at 2–4.) Plaintiff alleges that a few days later he was assaulted by Sexton. (*Id.*) Plaintiff alleges that prior to Sexton's placement in Plaintiff's cell, Plaintiff asked Defendant McKinney if Sexton was a member of any gang, and Defendant McKinney told Plaintiff he was not. (*Id.*) Plaintiff alleges Defendant McKinney knew Plaintiff and Sexton were members of rival gangs, and that Defendant McKinney's "lie cost me serious [i]njury and loss of personal property." (*Id.* at 3.) Plaintiff states that following the alleged assault, he was removed from his cell, and "[i]t took the officers a long time to go back to the cell which resulted in me losing most of my property." (*Id.* at 3.) Plaintiff also claims Defendant McKinney violated Plaintiff's right to be protected from harm. (*Id.* at 4.)

Defendant McKinney moves to dismiss Plaintiff's Complaint on the bases that (1) Plaintiff's Complaint does not state an Eighth Amendment or Fifth Amendment claim; and (2) Defendant McKinney is entitled to qualified immunity. (Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) [hereinafter "Mot."] [filed September 28, 2009].)

## PROCEDURAL HISTORY

Plaintiff filed his Amended Prisoner Complaint on May 28, 2009, asserting claims against Defendant Lt. McKinney and the United States Bureau of Prisons (FBOP). (Compl. at 1.) On July 23, 2009, Senior Judge Zita L. Weinshienk dismissed the United States Bureau of Prisons as a defendant on the grounds that Plaintiff's claims against it are barred by the doctrine of sovereign immunity. (Doc. No. 15 at 2.) Defendant McKinney filed his motion to dismiss on

September 28, 2009.  (Mot.)  Plaintiff did not file a response.  This motion is ripe for review and recommendation.

## STANDARD OF REVIEW

### 1.     Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### 2. *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1) (2008). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

### 3. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked

5

assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

Defendants argue that Plaintiff does not set forth any legal basis for his claim. (Mot. at 1.) Defendant has construed Plaintiff's claim as a an Eighth Amendment failure to protect claim and a claim for destruction of property under the Fifth Amendment. (*Id.* at 1–2.) Construing Plaintiff's claims liberally, *Trackwell*, 472 F.3d at 1243, this court agrees with the defendant and analyzes Plaintiff's Eighth and Fifth Amendment claims in turn.

### *1.     Eighth Amendment Claim*

The Eighth Amendment imposes on prison officials a duty to protect prisoners from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Prison officials are not, however, expected to prevent all inmate-on-inmate violence. *Farmer*, 511 U.S. at 834; *Berry v. City of Muskogee*, 900 F.2d 1489, 1494–95 (10th Cir. 1990). The failure of a prison official to protect an inmate from attacks by other inmates rises to the level of an Eighth Amendment violation only if the evidence shows the defendants acted with "wanton or obdurate disregard for or deliberate indifference to" the protection of prisoners' lives. *Harris v. Maynard*, 843 F.2d 414, 416 (10th Cir. 1988); *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992).

Deliberate indifference is a higher standard than either simple negligence or heightened negligence. *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 407–10 (1997). "Mere negligence does not constitute deliberate indifference; deliberate indifference is equivalent to recklessness in this context." *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006). Negligent failure to protect inmates from assaults by other inmates is not actionable under the Eighth Amendment. *Farmer*, 511 U.S. at 835. The Supreme Court has expressly rejected the suggestion that a prison official violates the Eighth Amendment when he might have known or should have known of a risk of harm. *See Farmer*, 511 U.S. at 837–38. *See Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005).

It is well-established in the Tenth Circuit that the test for deliberate indifference has both an objective and a subjective component. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component of the test is met if the harm suffered is "sufficiently serious" to implicate the Cruel and Unusual Punishment Clause. *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006), *overruled on other grounds by Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety. *Kikumura*, 461 F.3d at 1291 (internal quotations and citations omitted).

### A.     *Seriousness of Harm*

The objective component of Plaintiff's deliberate indifference claim is met for purposes of a motion to dismiss. According to his Complaint, Plaintiff was attacked by Inmate Sexton, who hit him in the face and head while he was sleeping. At this point, construing Plaintiff's *pro*

*se* pleadings liberally, *see Hall v. Bellmon*, 935 F.2d at 1110, and in a light most favorable to him, Plaintiff's allegations are sufficient to establish the objective component of his claim.

### B.     *Knowledge of Risk*

The subjective component of a deliberate indifference claim requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Farmer*, 511 U.S. at 838. It is not enough to allege that prison officials failed "to alleviate a significant risk that [they] should have perceived but did not." *Id.* To show "the requisite deliberate indifference," [the plaintiff] "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 847).

The Supreme Court has found a plaintiff may prove that the defendants had actual knowledge of a substantial risk "in the usual ways." *See Farmer*, 511 U.S. at 842. In other words, a factfinder may infer actual knowledge through circumstantial evidence, or "may conclude a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* Moreover, regardless of how prison officials become subjectively aware of a substantial risk of serious harm to an inmate, the Eighth Amendment requires them to respond reasonably. *Howard v. Waide*, 524 F.3d 1227, 1237 (10th Cir. 2008).

In *Verdecia v. Adams*, the Tenth Circuit found that, though the plaintiff presented facts from which the inference could be drawn that a substantial risk of serious harm existed, he failed to establish that the defendants actually drew such an inference. *Verdecia*, 327 F.3d 1171, 1176

(10th Cir. 2003). In *Verdecia*, the plaintiff was a Cuban inmate housed at the United States Penitentiary and was placed in a cell with two members of the Latin Kings. *Verdecia*, 327 F.3d at 1173. The plaintiff claimed that he had asked one of the defendants to be moved from this cell and that he had given another defendant a transfer form stating that he was in danger of being attacked by his cellmates, although there was no evidence that the defendant received this form prior to the attack. *Id.* The plaintiff also alleged that, prior to his attack, there were two instances of violence between Cuban inmates and members of the Latin Kings. *Id.* at 1174. Despite these allegations made by Plaintiff in *Verdecia*, which are far more detailed than the facts alleged by Plaintiff in this case, the Tenth Circuit found that the plaintiff had not shown deliberate indifference. *Id.* at 1176.

In this case, Plaintiff has failed to establish that Defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citation omitted). There are no specific acts alleged to show that Defendant, prior to Plaintiff's attack, had any reason to know that Plaintiff faced a substantial risk of harm from Inmate Sexton. Plaintiff alleges that on April 20, 2008, two months before Plaintiff's alleged assault, "a Race Riot took place . . . ." and that Defendant McKinney knew that Plaintiff and Sexton were members of rival gangs. (Compl. at 3–4.) However, there is no evidence that Defendant McKinney knew Sexton was a member of the Aryan Circle. In fact, Plaintiff states that when he asked McKinney about whether Sexton was a member of any gang, Defendant McKinney told him he was not. (Compl. at 3.) Moreover, although Plaintiff states Defendant McKinney "knew [he] was a Latin King" (*id.*), this is a conclusory allegation that is not entitled to the assumption of truth. *Iqbal*, 129 S. Ct. at 1949–51.

9

There also is no indication Plaintiff had any of history assault due to his gang association, or that Plaintiff previously had been threatened by Aryan Circle members, or that Plaintiff thought he was in any danger from risk, or that he asked to have Sexton removed from his cell. Even taking Plaintiff's allegations in the light most favorable to him, the facts are insufficient to establish the subjective component of an Eighth Amendment claim. Accordingly, Plaintiff's Eighth Amendment claim must fail.

### 2.   *Fifth Amendment Claim*

Personal participation is an essential allegation in a *Bivens* action. A plaintiff must both allege in the complaint and prove at trial an affirmative link between the alleged constitutional violation and a defendant's participation. *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001). Defendant argues that Plaintiff has failed to plead sufficient facts to demonstrate that Defendant had any personal participation in the alleged violations of his Fifth Amendment rights.

Indeed, Plaintiff has not alleged that Defendant McKinney was present and/or participated in the removal or loss of his property. There are no allegations that Defendant McKinney had any direct contact with Plaintiff concerning the removal of property from his cell, that Defendant McKinney was present at the time of the removal or loss of his property, or that Defendant McKinney actually knew of and acquiesced in the alleged violation. Plaintiff has not alleged an affirmative link between the alleged constitutional violation and the personal participation of Defendant McKinney. Accordingly, to the extent Plaintiff asserts a Fifth Amendment violation, the claim is properly dismissed.

### *3.     Qualified Immunity*

Defendant McKinney argues that, even if Plaintiff has stated a claim for Fifth Amendment or Eighth Amendment violations, he is entitled to qualified immunity. The doctrine of qualified immunity shields government officials from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 121 (2001).

Because of the underlying purposes of qualified immunity, courts address qualified immunity questions differently from other summary judgment decisions. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, who must meet a "heavy two-part burden." *Id.* Plaintiff first must establish that the facts, taken in the light most favorable to Plaintiff, show that the officer's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201. If Plaintiff establishes a violation of a constitutional or statutory right, "the next, sequential step is to ask whether the right was clearly established." *Id.* This determination must be made "in light of the specific context of the case, not as a broad general proposition." *Id.* "[T]he relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. If the plaintiff fails to satisfy either part of this "heavy

two-part burden," the court must grant the defendant qualified immunity and dismiss the deficient claims.

In a recent opinion, the United States Supreme Court altered somewhat the analytical process that may be used when a defendant claims the protection of qualified immunity. *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808 (2009). In *Pearson*, the Supreme Court held that the sequential two step analysis mandated in *Saucier* should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *Pearson*, ___ U.S. ___, 129 S. Ct. at 818. The Supreme Court noted, however, that the sequence set forth in *Saucier* often is the appropriate analytical sequence. *Id.*

This court already has determined Plaintiff has failed to meet the first burden of overcoming Defendant McKinney's qualified immunity assertion because he has failed to establish a cognizable constitutional violation. As such, the court sees no need to proceed to the second prong of qualified immunity. Defendant McKinney is entitled to qualified immunity from Plaintiff's claims.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6)" (Doc. No. 30) be GRANTED, and that the case be dismissed in its entirety, with prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those

portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 21st day of January, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge